Dwight FAHEY

v.

COMMISSIONER OF MENTAL HEALTH AND MENTAL RETARDATION.

Supreme Judicial Court of Maine.

Argued March 12, 1986.

Decided March 14, 1986.

Charles W. Hodsdon, II, (orally), Bangor, for plaintiff.

R. Christopher Almy, Dist. Atty., Philip Worden, (orally), Asst. Dist. Atty., Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

On appeal from the judgment of the Superior Court (Penobscot County) denying his petition for release from Bangor Mental Health Institute, Dwight Fahey contends that he met his burden of proving by clear and convincing evidence that he can be released without likelihood that he will cause injury to himself or others due to mental disease or defect. *See* 15 M.R.S.A. § 104–A(1) (Supp.1985–1986). After a careful review of the record, we hold that the Superior Court's findings to the contrary are not clearly erroneous. *See Taylor v.*

*Comm'r of Mental Health & Mental Retardation,* 481 A.2d 139, 147 (Me.1984).

The entry is:

Judgment affirmed.

All concurring.

STATE of Maine

v.

Earl MABERRY.

Supreme Judicial Court of Maine.

Argued March 11, 1986.

Decided March 18, 1986.

Mary C. Tousignant, Dist. Atty. (orally), Alfred, for plaintiff.

Deborah Hjort (orally), Saco, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and GLASSMAN, JJ.

MEMORANDUM OF DECISION.

Earl Maberry appeals from the judgment of the Superior Court, York County, entered on a jury verdict finding him guilty of rape in violation of 17–A M.R.S.A. § 252 (Supp.1985–1986), aggravated assault in violation of 17–A M.R.S.A. § 208 (1983), Class B kidnapping in violation of 17–A M.R.S.A. § 301(1), (3) (1983), and Class A robbery in violation of 17–A M.R.S.A. § 651(1)(D), (2) (1983). The defendant contends the trial court improperly excluded evidence offered by the defendant. Because the evidence offered was irrelevant, the trial court did not err in denying its admission. *See* M.R.Evid. 401, 402.

The entry is:

Judgment affirmed.

All concurring.